UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTONIO CONSTANTINO, et al., ) | CASE NO.  1:09CV1531 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| STP RESTAURANT, INC., d/b/a ) | |
| MALLORCA RESTAURANT, et al., ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiffs' Motion (ECF DKT #58) for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs.  For the following reasons, the motion is granted.

**I. FACTUAL BACKGROUND**

On July 6, 2009, Plaintiffs, Antonio Constantino and Abilio Silva Costa, brought this collective action under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendants, STP Restaurant, Inc., d/b/a Mallorca Restaurant; Cuatros Amigos LLC, d/b/a Brasa Grill Brazilian Steakhouse; La Bodega Cleveland OH LLC, d/b/a Sunset Lounge; T.V. Restaurant, Inc., d/b/a Marbella Restaurant; Jose Manolo Torres; Jesus

De Manuel; and Marcelo Fadul. Plaintiffs allege they were employed as waiters or cooks for Mallorca, Marbella and Brasa for at least the three-year period preceding the original filing of the lawsuit.[1] Plaintiffs further allege that Defendants failed to accurately record daily and weekly hours worked by Plaintiffs and others similarly-situated, and failed to pay them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over forty hours in a work week. The Complaint was amended twice, most recently on May 12, 2011, adding claims for unjust enrichment, retaliatory discharge, and interference with contract, and naming an additional individual Defendant, Fausto Simoes. (ECF DKT #31 and ECF DKT #56). Plaintiffs seek conditional certification of a collective action, and court-supervised notice to members of a class defined as:

> All former and current waiters, cooks, bus boys, dishwashers and laundry workers employed by STP Restaurant, Inc. d/b/a Mallorca Restaurant; Cuatros Amigos LLC, d/b/a Brasa Grill Brazilian Steakhouse; and T.V. Restaurant, Inc. d/b/a Marbella Restaurant at any time between July 6, 2006 and the present.

## II. LAW AND ANALYSIS

An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b). Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt-in" by filing written consent. *Id*. District courts have discretion to facilitate notice to potential plaintiffs. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Before facilitating notice, courts must determine whether the potential class members are similarly situated under Section 216(b) of the FLSA.

---

[1] Aside from naming La Bodega Cleveland Oh LLC, d/b/a Sunset Lounge, Plaintiffs make no allegations nor provide any evidence that they were employed at or for this business. Therefore, the Court will exclude it from any proposed class definition.

The Sixth Circuit expressed approval for a two-phased test. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). The first phase takes place at the beginning of discovery when the court has minimal evidence. *Id.* at 546. In the first phase, courts may grant conditional class certification upon a modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan. *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003). Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members." *Id.* at 546-47. Plaintiffs must only establish some "factual nexus" between themselves and the potential class members. *Harrison v. McDonald's Corp.*, 411 F.Supp. 2d 862, 868 (S.D. Ohio 2005) (citing *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id.* at 547. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

Plaintiffs, Constantino and Costa, assert that, despite the different job descriptions, they are similarly situated to all past and present waiters, cooks, bus boys, dishwashers and laundry workers at Mallorca, Marbella, and Brasa. Plaintiffs contend that they were all

subjected to the same practice, i.e., Defendants knowingly and willfully failed to compensate the putative class members for hours worked in excess of forty (40) hours per week at one and one-half times the regular hourly rate, in violation of the FLSA.  In support, Plaintiffs provide Constantino's Declaration (ECF DKT #58-2) and Costa's sworn statement (ECF DKT #58-3). Defendants argue that Plaintiffs' evidence is insufficient to establish that the putative class members are similarly situated.

The Court finds that Plaintiffs have made the "modest factual showing" necessary for conditional certification under Section 216(b) of the FLSA.  While cooks, waiters, busboys dishwashers, and laundry workers have different job descriptions, Plaintiffs have made a sufficient showing that all the hourly positions were subject to a common decision, policy, or plan.  *See Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 307 (S.D.N.Y. 1998) ("[T]he affidavits further indicate that these practices were not limited to a . . . single employee position.  Rather, [P]laintiffs' affidavits state that these compensation practices remained the same even when they changed job positions . . . .").  Although the Court was only provided with a declaration and sworn statement, these documents establish a sufficient "factual nexus" between the Plaintiffs and the proposed class members.

While Plaintiffs have met their burden under the lenient standard applicable to the notification phase, the Court will revisit the "similarly situated" requirement once the opt-in forms are submitted.  If the claimants are not similarly situated after further discovery, the Court will decertify the class and the opt-in plaintiffs will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (ECF DKT #58) for Conditional Certification is granted. The Court will supervise notice to all former and current waiters, cooks, bus boys, dishwashers and laundry workers employed by STP Restaurant, Inc. d/b/a Mallorca Restaurant; Cuatros Amigos LLC, d/b/a Brasa Grill Brazilian Steakhouse; and T.V. Restaurant, Inc. d/b/a Marbella Restaurant at any time between July 6, 2006 and the present. Plaintiffs' counsel shall submit, on or before July 22, 2011, a proposed Notice of Pendency of Lawsuit and Notice of Consent Form, as well as a Proposed Expedited Opt-In Discovery Order for the Court's approval. Defendants shall have until July 29, 2011 to present any objections to these submissions.

**IT IS SO ORDERED.**

**DATE: July 15, 2011**

   S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**