**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **ANTONIO CONSTANTINO, et al.,** | ) | **CASE NO. 1:09CV1531** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **STP RESTAURANT INC., d/b/a** | ) | |
| **MALLORCA RESTAURANT, et al.,** | ) | |
| **Defendants.** | ) | |


<u>**CHRISTOPHER A. BOYKO, J.**</u>:

     This matter comes before the Court upon the Motion (ECF DKT #69) of Defendants

for Partial Summary Judgment.  For the following reasons, the Motion is granted.

## I. FACTUAL BACKGROUND

     On July 6, 2009, Plaintiffs, Antonio Constantino and Abilio Silva Costa, brought this

collective action under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 216(b), against Defendants, STP Restaurant, Inc., d/b/a Mallorca Restaurant; Cuatros

Amigos LLC, d/b/a Brasa Grill Brazilian Steakhouse; La Bodega Cleveland OH LLC, d/b/a

Sunset Lounge; T.V. Restaurant, Inc., d/b/a Marbella Restaurant; Jose Manolo Torres; Jesus

De Manuel; and Marcelo Fadul.  Plaintiffs allege they were employed as waiters or cooks at

Defendant restaurants for at least the three-year period preceding the original filing of the lawsuit.  Plaintiffs further allege that Defendants failed to accurately record daily and weekly hours worked by Plaintiffs and others similarly-situated, failed to pay them minimum wage and failed to pay them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over forty hours in a work week. The Complaint was amended twice, most recently on May 12, 2011, adding claims for unjust enrichment, retaliatory discharge, and interference with contract, and naming an additional individual Defendant, Fausto Simoes (shareholder in Defendant companies and attorney for the lessor of a Florida restaurant).  (ECF DKT #57).  In the Second Amended Complaint, Plaintiff Constantino alleges that he was driving his personal car on company business when he was involved in an automobile accident.  He alleges the car was totaled, and he suffered property damage in the amount of $8,900.00, "of which only $3,000.00 was reimbursed by the company resulting in unjust enrichment in the amount of $5,900.00."  (ECF DKT #57, ¶ 5). Plaintiff Constantino also claims that he was discharged in retaliation for filing a wage and hours claim; and that Defendants further retaliated by interfering with his attempts to lease a restaurant in Florida.  (ECF DKT #57, ¶¶ 6, 15).  Defendants filed their Answer and Counterclaim, asserting breach of contract and unjust enrichment.  They allege they purchased a car for Plaintiff Constantino.  He allegedly has not fully repaid them, and still owes $10,000.00.

On July 15, 2011, the Court granted conditional certification of this collective action, and authorized court-supervised notice to members of a class defined as:

> All former and current waiters, cooks, bus boys, dishwashers and laundry
> workers employed by STP Restaurant, Inc. d/b/a Mallorca Restaurant; Cuatros

-2-

Amigos LLC, d/b/a Brasa Grill Brazilian Steakhouse; and T.V. Restaurant, Inc. d/b/a Marbella Restaurant at any time between July 6, 2006 and the present.

On August 31, 2011, Defendants moved for partial summary judgment in their favor on Plaintiff Constantino's claims for wrongful interference with contract, retaliation/retaliatory discharge, and vacation pay.  Defendants also seek dismissal on behalf of Defendant La Bodega Cleveland OH LLC, d/b/a Sunset Lounge, because they contend there is no evidence that any Plaintiffs worked for that entity.

## II. LAW AND ANALYSIS

### Civil Rule 56 Standard

A summary judgment shall be granted only if  "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994).  The moving party must do so by either pointing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or by "showing that the materials cited (by the adverse party ) do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed.R.Civ.P. 56(c)(1)(A), (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to

meet its burden, the nonmoving party may not rest on its pleadings, but must come forward

with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324;

*Lansing Dairy*, 39 F.3d at 1347.

      This Court does not have the responsibility to search the record *sua sponte* for genuine

issues of material fact.  *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir.

1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992).  The

burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Bias v. Advantage*, 905 F.2d 1558, 1563 (D.C. Cir.1990); *Anderson v. Liberty Lobby, Inc*.,

477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing

on an element upon which it has the burden of proof, the moving party is entitled to summary

judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends

upon "whether the evidence presents a sufficient disagreement to require submission to a jury

or whether it is so one-sided that one party must prevail as a matter of law."  *Amway*

*Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir.2003)(quoting

*Anderson*, 477 U.S. at 251-52).

### Defendant La Bodega Cleveland OH LLC, d/b/a Sunset Lounge

      At the outset, the Court will address whether Defendant La Bodega Cleveland OH

LLC d/b/a Sunset Lounge should remain as a defendant in this case.  At the conditional

certification stage, the Court noted that, other than simply naming Sunset Lounge in the

Second Amended Complaint, no allegations or claims for liability were made against it.

Now, it is clear from the deposition testimony submitted with the dispositive motion papers,

that Plaintiffs never worked for this Defendant.  In their Opposition Brief, Plaintiffs only

direct the Court to Plaintiff Constantino's testimony that he "did a lot of help work over there."  (ECF DKT #69-2, pp. 13-14).  The complete exchange reads as follows:

Q.  Were you ever employed by Sunset Lounge?

A.  No.  I did a lot of help work over there but I never was employed by them.

Therefore, the Court agrees with Defendants that there is no evidence that any of the Plaintiffs were employed, or suffered or permitted to work, at the Sunset Lounge, as those terms are defined under the FLSA; so, summary judgment is granted in its favor.

## Vacation pay

Defendants move for judgment in their favor on Plaintiff Antonio Constantino's claim for vacation pay.  Upon examination of the Second Amended Complaint (ECF DKT #57), which is the operative pleading in this matter, the Court is unable to find any allegation or recitation regarding vacation pay.  In any event, Plaintiff Constantino has provided no evidence of any vacation policy at the Defendant restaurants, or of any contract between Constantino and his employers at Mallorca, where he was a manager, providing for the payment of vacation benefits.  In his deposition, Constantino admits that he has no written support for his vacation claim.  (ECF DKT #69-2, p.30).  He disavows knowledge of any other manager receiving paid vacation; and testifies: "I didn't ask for it, I was told I would have it."  *Id.*  Even assuming Plaintiff Constantino asserted a claim for vacation pay, he has failed to sustain his burden on summary judgment.

## Interference with contract or business relationship

Plaintiff Constantino alleges that, in late 2009, after his employment with Defendants terminated, he moved to Florida to open his own restaurant.  He formed a corporation to

operate the restaurant.  He purchased signs.  He arranged to transfer telephone service.  He applied for food and liquor licenses.  According to his testimony, Constantino spent approximately $38,000.00 in preparation for opening the restaurant; but before he had a signed lease or the keys.  (ECF DKT #69-2, pp. 40-41).  Defendant Fausto Simoes, who is a shareholder in Defendant companies, was the attorney for the lessor of the Florida restaurant property.  Constantino contends Defendants interfered with his efforts to lease the restaurant; that they made last minute changes to the lease so as to make it impossible for the lease to be finally executed.  *Id*. at 60.

Under Ohio law, interference with a business relationship occurs when " a person, without privilege to do so, induces or otherwise causes a third person not to enter into or continue a business relationship with another."  *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 418-19 (1995); *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 14 (1995).  The elements of the cause of action are: (1) a business relationship or contract; (2) the wrongdoer's knowledge of the relationship or contract; (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) a lack of privilege; and (5) resulting damages.  *Bowshier v. Chrysler Financial Corp.*, 144 F.Supp.2d 919, 926 (S.D. Ohio 2001), citing *A & B-Abell Elevator, supra*.

For purposes of their Motion, Defendants do not dispute the existence of a business relationship between Constantino and the proposed lessor, and they do not deny lack of privilege.  However, they argue Constantino cannot establish Defendants' knowledge, Defendants' intentional improper act, nor Constantino's resulting damages.

-6-

When asked at his deposition about the interference claim, Defendant Jose Manolo Torres testified that he had no knowledge of the lease negotiations in Florida.  (ECF DKT #69-6, p.18).  Defendant Fausto Simoes admits that he knew about the lease because he was the attorney representing the lessor, and he drafted some of the lease paperwork.  (ECF DKT #69-7).  He is aware the lease was never signed by the lessor; but he denies rejecting Constantino's proposal and denies that the other Defendants pressured or influenced him to reject the lease contract.  *Id*. at 11-12.  Plaintiff Constantino was asked about his tortious interference claim at his deposition, and he testified as follows:

> Q. ... Do you have any personal firsthand knowledge of any activity of Mr. Simoez (sic) in interfering with your ability to get the restaurant leased?
>
> A.  Not really.  I mean, the only thing, the knowledge that I have was his client saying that he cannot get in touch with him over and over and over and they keep going there and they cannot get nothing done from him or his secretary and my lawyer tried to get in touch with him and cannot be done anything.
>
> (ECF DKT #69-2, p.57).

Aside from Defendant Simoes' work for his client, there is no evidence that any Defendant even knew about Constantino's restaurant lease prospects in Florida.  Moreover, the fact that an attorney (Simoes) is difficult to reach is not sufficient to show an intentional improper act of interference with contract.  Lastly, a final lease was never executed by the Florida lessor.  (ECF DKT #69-2, p.50).  Constantino traveled to Florida on his own, and chose to spend significant sums in anticipation of reaching a lease agreement for a restaurant.  Merely because the parties could never agree to the terms of the lease does not constitute a tort, nor

does it subject Defendants to liability for damages.

**Retaliation/Retaliatory discharge**

To establish a prima facie case of retaliation, a plaintiff must show that (1) plaintiff engaged in a protected activity; (2) plaintiff's exercise of his protected rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 860 (6th Cir. 1997).  Claims for retaliation, asserted under Ohio law, are analyzed under the same standard as federal claims. *Greene v. St. Elizabeth Hospital Medical Center,* No. 96-4308, 1998 WL 13410 at *5 (6th Cir. Jan. 7, 1998) quoting *Neely v. Franklin Cty. Aud.* (1994) 97 Ohio App.3d 771; *Laderach v. U-Haul of N.W. Ohio,* 207 F.3d 825, 828 (6th Cir. 2000).

Plaintiff Constantino alleges: "Defendants illegally discriminated against Mr. Constantino for filing a claim for proper overtime, first by reducing his hours on or about February 16, 2009, and finally discharging him on or about May 30, 2009, contrary to Sec. 15(a)(3) of the FLSA.  Defendants further discriminated against Mr. Constantino by reducing his working hours starting in January, 2009, after he complained that illegal undocumented workers were scheduled to work more hours than he was."  (ECF DKT #57, ¶ 6).

The ultimate burden of persuading the trier of fact that a defendant retaliated against a plaintiff remains at all times with the plaintiff.  *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 252-3 (1981) Constantino need not prove his case by a preponderance of evidence at the prima facie stage. *Singfield v. Akron Metropolitan Housing Authority, et al.*, 389 F.3d 555, 563 (6th Cir. 2004).

"[T]he burden of establishing a prima facie retaliation case is easily met."  *Id*.

Although the burden at the prima facie stage is "easily met," Constantino must make a showing as to each and every element.  Viewing all the evidence in Constantino's favor, he cannot make out a prima facie case of retaliation because the evidence is lacking on the required elements of his claim.  Other than his bare allegations, Constantino fails to demonstrate the nature of his wage claim, that Defendants were aware of it, and that the adverse action was causally connected to the claim.  Did he make a complaint to the Defendant restaurant owners?  Did he file an administrative claim?  Does his "claim" refer to this lawsuit, filed on July 6, 2009; though he was discharged in May of 2009?  Defendants' knowledge of Constantino's protected activity under the FLSA is not established.  Neither has Constantino met his burden on the causal connection between his protected activity and the adverse employment action of discharge.  Constantino testified as follows: "I mean, I was discharged from the company, they don't tell me why they discharged me.  I was never told why I was discharged from the company."  (ECF DKT #69-2, p.10).

Even if alternatively, Constantino claims Defendants retaliated against him for his wage claims by interfering with the Florida lease agreement, the result is the same.  As the Court has noted, Defendants (except for Fausto Simoes) had no knowledge of the lease.  If tortious interference with contract cannot be sustained, then Constantino's proof of the prima facie case of retaliation also fails.  The Court recognizes that the prima facie burden is not onerous, but it is a burden nonetheless.  Because Constantino has not proved the prima facie elements, Defendants are entitled to judgment in their favor on Constantino's retaliatory discharge/retaliation claim.

-9-

## III. CONCLUSION

For all these reasons, the Motion (ECF DKT #69) of Defendants for Partial Summary Judgment is granted on Plaintiff Constantino's claims for wrongful interference with contract, retaliation/retaliatory discharge, and vacation pay.  Likewise, Defendant La Bodega Cleveland OH LLC, d/b/a Sunset Lounge is dismissed from the lawsuit.  In addition to the FLSA claims on behalf of the conditionally-certified class, Plaintiff Constantino's unjust enrichment claim and Defendants' Counterclaims for breach of contract and unjust enrichment remain pending for trial.


**IT IS SO ORDERED.**

**DATE: February 3, 2012**


  **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**