UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO CONSTANTINO, et al., | ) | CASE NO. 1:09CV1531 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | ORDER ON RECONSIDERATION |
| | ) | |
| STP RESTAURANT, INC., d/b/a | ) | |
| MALLORCA RESTAURANT, et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #91) for Reconsideration Regarding the Court's 02/03/12 Order on Behalf of Plaintiff Antonio Constantino. For the following reasons, the Motion for Reconsideration is denied.

### I. BACKGROUND

On February 3, 2012, the Court granted Partial Summary Judgment in favor of Defendants, and dismissed Plaintiff Constantino's claims for wrongful interference with contract, retaliation/retaliatory discharge, and vacation pay. (ECF DKT #82). In his Motion for Reconsideration, Constantino contends that he clearly stated a claim for retaliation; and that he "should have been permitted to complete discovery before being forced to produce evidence sufficient to prove his prima facie case of retaliation under the Fair Labor Standards Act." (ECF DKT #91 at 2). In particular, Constantino suggests he could conduct depositions to demonstrate that he did complain about Fair Labor Standards Act violations prior to his discharge in May of

2009.  As possible evidence of written complaints to his employer, Constantino directs the Court's attention to an unauthenticated February 16, 2009 letter from his counsel to Defendant Manolo Torres.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 59(e) Motion to Alter or Amend**

Motions for reconsideration, though frequently brought, are granted only in rare and unusual circumstances.  *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).

> "Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.  To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues."

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (internal citations and quotations omitted).

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice."  *Boler Co. v. Watson & Chalin Mfg. Inc*., 372 F. Supp.2d 1013, 1024-25 (N.D. Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), *cert.denied*, 528 U.S. 1137 (2000).

Constantino is an original Plaintiff, and has been prosecuting this case against Defendants since it inception on July 6, 2009. The Complaint has been amended twice, most recently on May 12, 2011, when Constantino added his personal claims for unjust enrichment, retaliatory discharge, and interference with contract, and named an additional individual Defendant, Fausto Simoes (shareholder in Defendant companies and attorney for the lessor of a Florida restaurant).

Also in May of 2011, after the matter had been pending for nearly two years, and following a failed mediation, the Court conducted a status conference and set a July 11, 2011 deadline for all discovery, except as to any new opt-in plaintiffs. Constantino made no objection. Defendants filed their Motion for Partial Summary Judgment on August 31, 2011 and Constantino filed his Opposition Brief on September 28, 2011. Throughout the briefing process, Constantino never requested that the Court stay consideration of the motion pending discovery. Constantino opposed the dispositive motion, without any assertion that necessary evidence was unavailable pursuant to Fed.R.Civ.P. 56(d). Depositions of Constantino and of Defendant Torres were conducted on June 27, 2011. Before now, Constantino has not asked to re-depose any witness or to supplement with further questions.

The letter, which Constantino proposes may have relevant evidentiary value for his retaliation claim, is his counsel's own correspondence and is dated February 16, 2009. It pre-dates the initial Complaint in this action by over four months. Any reason why Constantino did not submit the letter in support of his Opposition Brief, or failed to question Defendant Torres about it on deposition, or only now authenticates it (Plaintiff's Reply, ECF DKT #96), is unknown to the Court. But, it was Constantino's conscious decision: "Plaintiff concedes that this letter attached as Exhibit

"A" could have been attached with an authenticating affidavit from Attorney Aurslanian in his Brief in Opposition to Summary Judgment filed on September 28, 2011."  (ECF DKT #91at 3, fn.1).

Constantino has not identified previously unavailable evidence, clear error, nor any change in controlling law.  Rule 59 is not intended to give a disgruntled litigant the opportunity to re-argue his case or to re-litigate previously-decided matters.  See *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

### III. CONCLUSION

The Court has given due consideration to Constantino's arguments, and determines once again, in the absence of a change in the controlling law, newly-discovered evidence or clear error, that granting partial summary judgment in favor of Defendants on Constantino's claims for retaliation/retaliatory discharge, as well as wrongful interference with contract and vacation pay, is appropriate.  Therefore, the Motion (ECF DKT #91) of Plaintiff, Antonio Constantino, for Reconsideration is denied.

**IT IS SO ORDERED.**

**DATE: 5/7/12**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**